# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

January 17, 2019

**VIA ECF**

Honorable Analisa Torres
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    Galindo Garcia et al v. John Doe Corp. et al;
                    18-cv-06208-AT

Your Honor,

      This firm represents the Plaintiff Marxlenin Galindo Garcia ("Plaintiff") in the above-referenced matter. Plaintiff writes jointly with Defendant Ciro Lopez to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as **Exhibit A.**

      Plaintiff has agreed to settle all of his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice against the Defendant, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties that culminated in the Agreement. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims against all the Parties asserted in this case as outlined more specifically in the attached Agreement.

      The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

**Background**

      Plaintiff alleges that he was employed by Defendant as a delivery worker from approximately January 2017 until on or about June 17, 2018. Plaintiff further alleges that, throughout his employment, Plaintiff typically worked 72 to 74 hours per week and was paid around $600 per week in cash.

      Plaintiff therefore brought this action seeking to recover unpaid minimum wages, overtime wages, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor

Hon. Analisa Torres
January 17, 2019

Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., overtime wage orders of the New York Commission of Labor codified at N.Y. Comp Codes R. & Regs. Tit. 12, § 146-1.6, and the N.Y. Lab. Law § 190 et seq. Plaintiff also sought statutory damages for violations of the wage notice and wage statement provisions in New York Labor Law § 195.

Defendant disputed all of Plaintiff's claims. Therefore, after weighing the risks of trial and costs of further litigation, the parties have reached an agreement at an early stage.

## Settlement

The parties have agreed to settle this action for the total sum of Sixty Thousand Dollars ($60,000.00) which will be paid as outlined in **Exhibit A**. Plaintiff estimated that, in his best-case scenario, he would be entitled to approximately $139,344.69, of which $54,910.00 would equal his minimum and overtime base damages. However, if Defendants were to succeed, they estimate that Plaintiff would be entitled to a minor amount, if anything at all.

Forty Thousand Dollars ($40,000.00) of the settlement amount will be paid to the Plaintiff. The remaining Twenty Thousand Dollars ($20,000.00) will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting Crabtree v. Volkert, Inc.,* 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting Le v. SITA Info. Networking Computing USA, Inc.,* 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F.Supp.2d at 225 (*quoting Medley v. Am. Cancer Soc.,* No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of lengthy litigation and trial. Settlement at this stage avoids the need for costly trial. Furthermore, the settlement agreement is the product of arm's-length bargaining between counsel.

## Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $20,000.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, a reduction

Hon. Analisa Torres
January 17, 2019

in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable.

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Michael Faillace: Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work is billed at the rate of $450 per hour and indicated by the initials "MF."
- Haleigh Amant is an associate at Michael Faillace & Associates, P.C. Since graduating law school in 2017 from the George Washington University Law school, she has been practicing strictly employment law and representing employees in wage and hour disputes. Her work is billed at $250 per hour and indicated by the initials "HA."

The lodestar amount for Plaintiff's attorneys' fees is $3175.00 A copy of Plaintiff's attorneys' billing records is annexed hereto as **Exhibit B**.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiff has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved. However, should the Court disagree and find it necessary to reduce the portion of the settlement amount to be applied to Plaintiff's attorneys from that proposed herein, the parties and Plaintiff's attorneys respectfully request that the Court approve the settlement agreement with the maximum distribution to Plaintiff's attorneys that the Court deems appropriate.

Hon. Analisa Torres
January 17, 2019

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of his client. Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the parties' agreement is fair and reasonable, that the settlement should be approved, and that this case, and all of the claims asserted herein, should be dismissed in its entirety with prejudice. Annexed as Exhibit B to the Parties' settlement is a proposed Order of Voluntary Dismissal With Prejudice, should the Court wish to utilize it for this purpose.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

cc:  All Attorneys of Record (via ECF)