| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>MARXLENIN GALINDO GARCIA, individually<br>and on behalf of others similarly situated,<br><br>                       Plaintiff,<br><br>                -against-<br><br>JOHN DOE CORP. (D/B/A MONTE PIZZA) and CIRO LOPEZ,<br>                       Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 4/2/2019<br><br><br>18 Civ. 6208 (AT)<br><br>**<u>ORDER</u>** |

ANALISA TORRES, District Judge:

      On July 9, 2018, Plaintiff, a former restaurant worker, filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law. Compl., ECF No. 1. On January 17, 2019, the parties notified the Court that they reached a settlement, *see* ECF No. 27-1, and moved for approval of their settlement (the "First Letter"), ECF No. 27. Plaintiff requested $19,425 in attorneys' fees, and stated that their lodestar amount of attorneys' fees was $2,600, resulting in a lodestar multiplier of 7.47. First Letter at 2; ECF No. 27-1 ¶ 1(e); Billing Records, ECF No. 27-2. On February 6, 2019, the Court issued an order (the "February 6 Order") declining to approve the settlement agreement on the ground that, based on the high lodestar multiplier, the attorneys' fees were unreasonable. ECF No. 29.

      On March 20, 2019, the parties submitted a letter (the "Second Letter") moving for approval of their revised settlement agreement. ECF No. 39. They also attached a revised agreement (the "Settlement") that provided for $16,505 in attorneys' fees and costs. ECF No. 39-1 at 2. However, as explained in the Second Letter, due to a calculation error which was not discovered until after the parties signed the Settlement, the attorneys' fees and costs in the Settlement remained higher than agreed. Second Letter at 1 n.1. Counsel for both parties, therefore, executed an amendment to the Settlement (the "Amendment") that provides for $13,598 in attorneys' fees and costs, of which $13,023 is attributable to attorneys' fees. ECF No. 39-2 at 2; Billing Records at 2. For the reasons stated below, the parties' joint motion to approve their settlement agreement is GRANTED.

## DISCUSSION

### I.   <u>Legal Standard</u>

      The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not

subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorneys' fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II.   Analysis

The parties' agreement provides for Defendant to pay a total of $60,000, with Plaintiff to receive $46,402, and Plaintiff's counsel to receive $13,598 for attorneys' fees and costs. Settlement ¶ 1; Amendment ¶ 1(e). Plaintiff's letter motion identifies Plaintiff's total possible recovery, if he were to succeed on all of his claims, to be $139,344.69, of which $54,910.00 would be attributable to his minimum wage and overtime base damages. First Letter at 2. However, Defendants dispute all of Plaintiff's claims, and the parties explain that in reaching the Settlement they were motivated to avoid the risks each side would face at trial. *Id.* Moreover, the parties state that they engaged in arms-length bargaining, and there is no evidence of fraud or collusion. *Id.*

The Court, therefore, concludes that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is not overly broad, because it releases Defendant only from claims Plaintiff has arising under FLSA or other laws related to unpaid wages.  Settlement ¶ 3.  Moreover, the Settlement contains no confidentiality provision, nor does it contain a provision that restricts Plaintiff's future employment opportunities.  The Court, therefore, is satisfied that the Settlement is fair and reasonable.

Turning to attorneys' fees, as discussed, Plaintiff's counsel initially sought to recover $19,425 in attorneys' fees, reflecting approximately one-third of the total value of the Settlement. *See* First Letter at 2.  The Second Circuit favors the percentage-of-the-fund method of calculating attorneys' fees because it "directly aligns the interests of [Plaintiff] and [her] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005).  As a check on the reasonableness of attorneys' fees, however, courts still calculate the total cost of attorneys' hours billed, previously known as the lodestar method.  *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *5 (S.D.N.Y. Feb. 1, 2010). On February 6, 2019, the Court declined to approve the settlement agreement on the ground that the proposed attorneys' fees were unreasonable.  *See* February 6 Order.  Plaintiff's counsel now seeks to recover $13,598 in attorneys' fees and costs.  Amendment at 2.  Of this amount, $575 is attributable to costs, and $13,023 is attributable to attorneys' fees.  Billing Records at 2.

Plaintiffs' counsel's lodestar calculation is $2,600 in attorneys' fees and costs for work done by Michael Faillace & Associates, P.C.  Billing Records, ECF No. 49-2.  The billing records reflect time spent drafting the complaint and engaging in settlement discussions.  *Id.* Michael Faillace, lead counsel on the matter, billed 3.4 hours at a rate of $450 per hour.  *Id.* Additional hours are billed by associate Haleigh Amant (3.8 hours at $250 per hour) and by a paralegal (1.65 hours at $100 per hour).  Mr. Faillace has extensive experience in wage-and-hour actions, and Ms. Amant has practiced employment law exclusively since graduating from law school in 2017.  First Letter at 3.  These rates are on the higher side,[1] but nevertheless, as discussed in the February 6 Order, resulted in a lodestar multiplier of 7.47 based on the initial request by Plaintiff's counsel for $19,425 in attorneys' fees.  Plaintiff's counsel's current request for $13,023 in attorneys' fees, however, results in a lodestar multiplier of 5.01.  This remains a high multiplier, which may not be appropriate in all circumstances.  *See Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("In this Court's opinion, a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.").  However, given the quick settlement that Plaintiff's counsel obtained for their client in this case, the Court finds that the proposed fee award is reasonable.  *See Pinzon v. Jony Food Corp.*, No. 18 Civ. 105, 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) (approving a

---

[1]  *E.g.*, *Apolinario v. Luis Angie Deli Grocery, Inc.*, No. 14 Civ. 2328, 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015) ("In recent years, courts in this district have awarded rates between $350 and $450 per hour for partners with significant employment litigation experience."); *Mendoza v. CGY & J Corp.*, No. 15 Civ. 9181, 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017) ("Indeed, courts in this District generally approve rates of . . . $300 per hour for senior attorneys or associates with eight or more years' experience." (collecting cases)).

fee resulting in a lodestar multiplier of 5.23, despite that it is "somewhat higher than normally awarded," because "[the] settlement has provided Plaintiff with a substantial and speedy result").

## CONCLUSION

For the reasons stated above, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 24 and close the case.

SO ORDERED.

Dated: April 2, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge